# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DONTE GREGG, :
    Petitioner :
v. : CIVIL ACTION NO. PWG-15-3138
FRANK BISHOP, et al., :
    Respondents :

## MEMORANDUM OPINION

Donte Gregg, an inmate confined at the North Branch Correctional Institution in Cumberland, Maryland, seeks to attack his 2003 convictions for first degree murder and related offenses. Pet., ECF No. 1. In a limited answer, respondents argue that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Ltd. Ans., ECF No. 3. Gregg acknowledges that the petition is untimely but asks the Court to apply equitable tolling because he has no state court remedies available. Pet.; Reply, ECF No. 5. After reviewing these papers, I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). Because the petition is untimely and equitable tolling is not appropriate, the Petition is DENIED and DISMISSED.

### Procedural History

On April 4, 2003, after a jury trial in the Circuit Court for Baltimore City, Gregg was convicted of first degree murder, conspiracy to commit murder, use of a handgun during the commission of a crime of violence, and wearing and carrying a handgun.[1] Pet. 1–2; State Ct. Docket Entries 1–2, 4, ECF No. 3-1; Reply 1. He was acquitted of attempted robbery. State Ct. Docket Entries 1, 4; Reply 1. Gregg was sentenced on May 14, 2003, to two concurrent life

---

[1] For a summary of the facts leading to Gregg's convictions, see *Gregg v. Maryland*, 976 A.2d 999, 1001-02 (Md. 2009).

sentences plus a concurrent term of twenty years imprisonment. Pet. 1; State Ct. Docket Entries 5. He appealed his convictions to the Court of Special Appeals of Maryland, which on October 25, 2004, affirmed the judgments. Pet. 2–3; *Gregg v. Maryland*, No. 564, Sept. Term 2003, at 1, 10 (Md. Ct. Spec. App. Oct. 25, 2004) (unreported), ECF No. 3-2. The court's Mandate was issued on November 24, 2004. Mandate, ECF No. 3-2.[2] Gregg filed a petition for writ of certiorari to the Court of Appeals of Maryland, which was denied on January 13, 2005. Pet. 3; Writ of Cert. Denial 3, ECF No. 3-3. He did not seek further review. Pet. 3. Therefore, Gregg's convictions became final on April 13, 2005. *See Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) (noting that time for appealing state court conviction concludes when time for filing petition for writ of certiorari in the Supreme Court, 90 days, expires); Sup. Ct. R.13.1.

While his direct appeal was pending, Gregg filed a motion for DNA testing in the circuit court pursuant to Md. Code Ann., Crim. Proc. § 8-201(c). Pet. 7; State Ct. Docket Entries 6. The motion was subsequently withdrawn without prejudice. State Ct. Docket Entries 7. Gregg filed a second motion for DNA testing on November 9, 2005, pursuant to the same statute, as well as a motion for new trial. Pet. 7–8; State Ct. Docket Entries 8. Both motions were denied, without hearing, on April 17, 2006. Pet. 8; State Ct. Docket Entries 8. Gregg did not receive timely notice of the denial of the motions, and on May 2, 2006, he filed both a motion for reconsideration and a notice of appeal. Pet. 8; State Ct. Docket Entries 8. The circuit court denied the motion for reconsideration, and the Court of Special Appeals dismissed the appeal as untimely. Pet. 8; State Ct. Docket Entries 9.

On February 6, 2007, Gregg filed an application for post-conviction relief in the circuit court, seeking the right to file a belated appeal of the denial of the motion for DNA testing,

---

[2] The Mandate follows the unreported opinion, on page 11 of the docket entry.

which the circuit court granted on March 20, 2008. Pet. 8; State Ct. Docket Entries 9, 11; First Post-Conviction Petition, ECF No. 3-4. The Court of Appeals on July 24, 2009, remanded the case to the circuit court with directions to enter an order for DNA testing, which ultimately proved inconclusive. Pet. 8; State Ct. Docket Entries 12; *Gregg v. State*, 409 Md. 698 (2009), ECF No. 3-5.

Gregg filed a second petition for post-conviction relief on May 13, 2013, and, alternatively, a motion to reopen his initial post-conviction application. Pet. 8; Second Post-Conviction Petition, ECF No. 3-6. The Circuit Court for Baltimore City denied Gregg's second petition on October 25, 2013, finding it procedurally barred. *Gregg v. Maryland*, No. 2027, Sept. Term 2013, at 2 (Md. Ct. Spec. App. May 6, 2015) (unreported), ECF No. 3-7; Reply 4. Gregg then filed an application for leave to appeal the denial, which the Court of Special Appeals granted. *Gregg v. Maryland*, No. 2027, Sept. Term 2013, at 2–3 (Md. Ct. Spec. App. May 6, 2015) (unreported). The intermediate appellate court, however, affirmed the circuit court's denial of Gregg's second post-conviction petition in an unreported opinion issued on May 6, 2015, and the Court of Appeals on August 24, 2015, denied Gregg's petition for a writ of certiorari. *Id.* at 1, 3, 13-14; Second Writ of Cert. Denial, ECF No. 3-8.

Gregg filed this petition on October 12, 2015,[3] alleging ineffective assistance of trial, appellate, and post-conviction counsel. Pet. 4–7.[4] On November 13, 2015, pursuant to the Court's Order, respondents filed a limited answer, arguing that the petition is time-barred and

---

[3] The Petition is dated October 12, 2015, and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] Elsewhere in the petition Gregg indicates that he mailed the petition on October 10, 2015. (Pet., ECF No. 1 at p. 10). The discrepancy in dates does not affect resolution of the issue before the Court.

3

should be dismissed on that basis. Ltd. Ans. 1. The Court issued an Order on November 19, 2015, granting Gregg twenty-eight days from that date to file a response addressing the timeliness issue. Order 2, ECF No. 4. However, Gregg's response was not received until April 22, 2016. *See* Reply 1. He states that he mailed his response on December 14, 2015, and has included tracking information confirming that certified mail was sent on December 14th. *Id.* at 1; USPS Tracking 2, ECF No. 5-1. Gregg asks the Court to grant him another opportunity, in the form of a response filed on April 8, 2016, to explain why the Petition should not be dismissed as time-barred. Reply 1, 29. Under the circumstances, the Court grants that request.

## Timeliness

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Gregg's claims of ineffective assistance of counsel.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Respondents argue that the petition is time barred and should be dismissed. Ltd. Ans. 1, 7. Gregg requests that the Court "waive" the time bar because he has no state remedies available to address his claims. Reply 1.

As noted above, Gregg's convictions became final on April 13, 2005, and the statute of limitations began to run on April 14, 2005. It expired one year later. *See* 28 U.S.C. § 2244(d)(1). Neither the various motions Gregg filed in the state courts after his convictions became final, nor his first post-conviction petition seeking permission to file a belated appeal of the denial of his motion for DNA testing, served to toll the limitations period. *See* 28 U.S.C. § 2244(d)(2). Gregg did not file his second, substantive, petition for state post-conviction relief until May 13, 2013. By then the limitations period for filing a federal habeas petition had long expired.[5]

Although he does not use the term "equitable tolling," in essence Gregg argues that the statute of limitations should be equitably tolled. Reply 1. The Court of Appeals for the Fourth

---

[5] Even if Gregg's first state post-conviction application could have tolled the limitation period, that petition was not filed until February 6, 2007, almost ten months after the deadline for filing a federal habeas petition had passed. Ltd. Ans., Ex. 1 at 9.

5

Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a habeas petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland,* 560 U.S. at 649 (internal quotation marks omitted); *see also Harris,* 209 F.3d at 330 (stating that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

Gregg states that he was never informed by any of his attorneys, the clerk of the circuit court, or anyone else about a federal habeas corpus petition. Pet. 4. He "knew nothing" until he was counseled by another inmate that he could file a petition in federal court. *Id.* However, as respondents correctly note, ignorance of the law does not constitute grounds for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (stating that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Moreover, Gregg's lack of knowledge cannot be considered "extraordinary" or something "external" to him. *See id.* ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control."); *see also Rouse,* 339 F.3d at 246; *Harris,* 209 F.3d at 330. Finally, although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence," *Holland,* 560 U.S. at 653 (internal citations and quotation marks omitted), the Court cannot find that Gregg acted with

reasonable diligence. Gregg's conviction became final on April 13, 2005, thereby triggering the limitation period. He did not file his federal Petition until October 12, 2015, over ten years later.

The Court concludes that Gregg is not entitled to equitable tolling. Accordingly, the Petition is time-barred and is DENIED and DISMISSED.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court will not issue a COA because Gregg has not made the requisite showing.[6]

A separate Order follows.

10/10/17
(Date)

Paul W. Grimm
United States District Judge

---

[6] Denial of a COA in the district court does not preclude Gregg from requesting a COA from the United States Court of Appeals for the Fourth Circuit.

7